STATE OF NORTH CAROLINA v. JOSHUA SCOTT REMLEY, DEFENDANT

No. COA08-1529

(Filed 17 November 2009)

**1. Discovery— violations—untimely disclosure of statement—recess instead of dismissal of charges or barring statement—abuse of discretion standard**

The trial court did not abuse its discretion in a prosecution for multiple counts of breaking or entering a motor vehicle and larceny case by granting a recess instead of imposing sanctions even though the court concluded the State had committed a discovery violation. The trial court's statement upon making its ruling demonstrated that it considered any possible prejudice to defendant, the various possibilities as to remedies, and that it was open to consider additional requests from defendant.

**2. Sentencing— multiple offenses—statutes read in conjunction**

The trial court erred in a prosecution for multiple breaking or entering a motor vehicle and larceny counts. The cumulative length of the sentences for two or more  misdemeanors where the most serious is classified as class 1 cannot exceed 90 days, and defendant was erroneously sentenced to 150 days. While N.C.G.S. § 15A-1351 was not violated as to the sentences for each offense, the sentences must also be in compliance with N.C.G.S. § 15A-1340.22(a) when defendant is being sentenced for multiple offenses.

Appeal by defendant from judgments entered on or about 14 May 2008 and 9 June 2008 by Judge Jerry R. Tillett in Superior Court, Pitt County. Heard in the Court of Appeals 9 June 2009.

STATE v. REMLEY

[201 N.C. App. 146 (2009)]

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Stanley G. Abrams, for the State.*

*Richard E. Jester, for defendant-appellant.*

STROUD, Judge.

Defendant was convicted by a jury of 10 counts of breaking or entering a motor vehicle and 8 counts of larceny. Defendant appeals, arguing the trial court erred by (1) failing to prohibit the State from admitting defendant's statement into evidence after the State failed to provide the statement to defendant in a timely manner pursuant to N.C. Gen. Stat. §§ 15A-902 and -903 and (2) sentencing him to a longer period of imprisonment than permissible for misdemeanor convictions under N.C. Gen. Stat. §§ 15A-1340.22 and -1340.23. For the following reasons, we find no error as to the admission of defendant's statement, but remand for resentencing.

## I. Background

On or about 26 November 2007, defendant was indicted for 21 counts of breaking or entering a motor vehicle and 15 counts of larceny. On 27 August 2007, Detective Linwood Mercer of the Pitt County Sheriff's Department took a statement from defendant which provided:

> I Josh Remley come forth and say I did not do all of this but I did do [5 or 6]. One was a red car and it had $20.00, one was a green car but it did not have anything in it, Then I got to the one that had a 38. Smith and Wesson gun, if I can get out I can and will get the gun and give it back, One had $3.00 it was a blue car, the lasted [sic] one was a red Ford car and it did not have [anything in it.] And as for the rest of the stuff I don't kno[w] because I was with my wife at the house and I have a lot of people that will tell you that. I don't know the place we went but I do know about the wet suits and I can take you there. and there was car that I took a cell phone JR [signed Josh Remley]

During defendant's trial his attorney objected to the admission of the statement, but the trial court allowed it into evidence. The jury found defendant guilty of 10 counts of breaking or entering a motor vehicle and 8 counts of larceny. Defendant appeals.

## II. Admission of Statement

[1] Defendant contends that "the trial court erred in admitting the alleged confession of the defendant in violation of discovery statutes

STATE v. REMLEY

[201 N.C. App. 146 (2009)]

and constitutional safeguards."[1] (Original in all caps.) Before defendant's statement was admitted into evidence defendant's attorney objected:

> MR. ENTZMINGER [defendant's attorney]: Judge, I have two basis [sic] for this objection. The first of all I question the authenticity of the statement. And secondly, I object to this statement coming in because of discovery rules. This statement was given to me yesterday, the second day of trial at three—around three o'clock in the afternoon. And I do not feel—I feel like because of the substance of the statement, it materially prejudices my client.
>
> And I have received several other statements in discovery several months ago. And to receive this particular statement, which is incriminating to my client, on the day of trial where I have received several other statements months prior to this is not appropriate, Judge.

Ultimately the trial court determined in pertinent part:

> The objection is overruled. The Court reserves the right to make any formal findings of fact and conclusions of law, should that be appropriate. And I will notify you of the decision so you may act accordingly. First of all the Court has considered the discovery issue and also the provisions of 15A, including 15A-910.
>
> *The Court determines that the material was discoverable material and it should have been provided to the defendant in a timely manner and in any event prior to trial.* However, the Court determines that the statement was not available to the prosecutor or the District Attorney prior to the time when the statement was provided—or almost—substantially simultaneous with the detection of the statement by the prosecutor.
>
> The Court determines that there has been no bad evidence of bad faith. None has been alleged. There has been no evidence of bad faith at this juncture. The Court has considered the totality of the circumstances surrounding the alleged failure to provide this article. There's no other orders in place. It has considered that in the interest of justice that the—first of all the issue deals with a statement made by the defendant and the lawyers had access to the defendant at all times. The defendant is out at least

---

1. Although defendant's brief heading uses the word "constitutional" defendant fails to assert any constitutional arguments in his brief. Accordingly, we address only defendant's argument as to violation of discovery statutes. *See* N.C. R. App. 28(b)(6).

on bail. The Court finds no prejudice to the presentation of the case or evidence.

*The defendant was given a recess, given an opportunity to prepare. The Court also informed the defense counsel if there were any other requests other than either dismissing of the charges or prohibition of the introduction of the evidence, that the Court will consider those. There were none requested. No further recesses were requested. And no evidence of anything else that would be necessary to meet this evidence.*

The defendant and the lawyer were given the opportunity to be heard out of the presence of the jury prior to its introduction, and the Court has conducted a lengthy voir dire concluding with the defendant having the opportunity to present evidence as well as the Court. The Court has also observed several exhibits. The Court has also had the opportunity to weigh and judge credibility. So the exclusion of the evidence is denied; the objection is overruled. I will consider anything else that may be requested.

(Emphasis added.)

N.C. Gen. Stat. § 15A-910(a) provides:

(a) If at any time during the course of the proceedings the court determines that a party has failed to comply with this Article or with an order issued pursuant to this Article, the court in addition to exercising its contempt powers may

    (1)   Order the party to permit the discovery or inspection, or

    (2)   Grant a continuance or recess, or

    (3)   Prohibit the party from introducing evidence not disclosed, or

    (3a)  Declare a mistrial, or

    (3b)  Dismiss the charge, with or without prejudice, or

    (4)   Enter other appropriate orders.

N.C. Gen. Stat. § 15A-910(a) (2007).

Here, the trial court determined that the State failed to provide the defendant's statement in a timely manner. Under N.C. Gen. Stat. § 15A-910(a), the trial court may grant various remedies for a discovery violation, including granting inspection, granting a recess

or continuance, prohibiting admission of the contested evidence, dismissal of charges or "other appropriate orders." *Id.* Upon determining that the State had not provided the statement in a timely manner, the trial court granted defendant a "recess" and an "opportunity to prepare[,]" but denied defendant's requests to dismiss the charges or exclude the evidence. However, upon making the ruling, the trial court stated it would "consider anything else that may be requested." Defense counsel did not request any other sanctions or remedies.

Thus, defendant does not argue the trial court erred in finding a violation. Rather, defendant argues the trial court erred in providing an inadequate remedy. We review the trial court's selection of a remedy for a violation of N.C. Gen. Stat. § 15A-910 for abuse of discretion. *See State v. McClary,* 157 N.C. App. 70, 75, 577 S.E.2d 690, 693 (citations omitted), *appeal dismissed and disc. review denied,* 357 N.C. 466, 586 S.E.2d 466 (2003).

> It is within the trial court's sound discretion whether to impose sanctions for a failure to comply with discovery requirements, including whether to admit or exclude evidence, and the trial court's decision will not be reversed by this Court absent an abuse of discretion. An abuse of discretion results from a ruling so arbitrary that it could not have been the result of a reasoned decision or from a showing of bad faith by the State in its noncompliance.

*Id.* (citation omitted).

"[T]he purpose of discovery under our statutes is to protect the defendant from unfair surprise by the introduction of evidence he cannot anticipate." *State v. Payne,* 327 N.C. 194, 202, 394 S.E.2d 158, 162 (1990), *cert. denied,* 498 U.S. 1092, 112 L. Ed. 2d 1062 (1991). Here, the trial court granted a recess pursuant to N.C. Gen. Stat. § 15A-910(a)(2). *See* N.C. Gen. Stat. § 15A-910(a)(2). The trial court also made it clear that it was willing to consider other remedies that defendant may request, although it would not dismiss the charges or prohibit the State from introducing the statement. The trial court's statement upon making its ruling demonstrates that it considered any possible prejudice to defendant and the various possibilities as to remedies and that it was open to consider additional requests from defendant. The trial court did not abuse its discretion by granting a recess in order to provide defendant with an "opportunity to prepare[,]" and the trial court indicated it was more than willing to provide defendant with more time to prepare or take other steps as

necessary in order to ensure defendant received a fair trial. *See, e.g.,* *State v. McClintick,* 315 N.C. 649, 662, 340 S.E.2d 41, 49 (1986) ("[A]lthough the trial judge did not impose any sanctions for failure to comply with discovery and indeed expressed his displeasure with the state's tactics with respect to discovery, he did in fact employ several of the curative actions suggested by N.C.G.S. § 15A-910. . . . We fail to find any abuse of discretion." (citation omitted)). Accordingly, the trial court did not abuse its discretion by granting a recess instead of dismissal of the charges or barring the statement from admission. This argument is overruled.

## III. Sentencing

**[2]** Defendant contends that "the trial court erred in sentencing . . . [him] to more than two consecutive active misdemeanor sentences in violation of North Carolina sentencing statutes, § 15A-1340.22." (Original in all caps.)

Defendant was determined to have a prior misdemeanor record level of II and was sentenced for his individual convictions of class 1 misdemeanor larceny as follows:

- 07CRS056825—45 days imprisonment, suspended for 60 months of supervised probation, with an **active term of 10 days** as a condition of special probation

- 07CRS056826—**45 days imprisonment**

- 07CRS056830—45 days imprisonment, suspended for 60 months of supervised probation, with an **active term of 10 days** as a condition of special probation

- 07CRS056833—45 days imprisonment, suspended for 60 months of supervised probation, with an **active term of 10 days** as a condition of special probation

- 07CRS056843—45 days imprisonment, suspended for 60 months supervised probation, with an **active term of 10 days** as a condition of special probation

- 07CRS056861—**45 days imprisonment**

- 07CRS056862—45 days imprisonment, suspended for 60 months supervised probation, with an **active term of 10 days** as a condition of special probation.

- 07CRS058892—45 days imprisonment, suspended for 60 months supervised probation, with an **active term of 10 days** as a condition of special probation

All sentences were ordered to run consecutively. Thus, defendant was sentenced to serve 150 days of active imprisonment, assuming his suspended sentences were never activated, or a total of 360 days if they were activated.

Alleged errors of law are reviewed *de novo. See State v. Bare,* —— N.C. App. ——, ——, 677 S.E.2d 518, 522 (2009).

If the court elects to impose consecutive sentences for two or more misdemeanors and the most serious misdemeanor is classified in Class A1, Class 1, or Class 2, the cumulative length of the sentences of imprisonment *shall not exceed twice the maximum sentence authorized for the class and prior conviction level of the most serious offense.* Consecutive sentences shall not be imposed if all convictions are for Class 3 misdemeanors.

N.C. Gen. Stat. § 15A-1340.22(a) (2007) (emphasis added). The maximum sentence for a record level II offender for a class 1 misdemeanor is 45 days. *See* N.C. Gen. Stat. § 15A-1340.23 (2007). Thus, when reading N.C. Gen. Stat. § 15A-1340.22(a) and -1340.23 in conjunction, "the cumulative length of the sentences of imprisonment" "for two or more misdemeanors" where the most serious is classified as class 1 cannot exceed 90 days. N.C. Gen. Stat. § 15A-1340.22(a), *see* N.C. Gen. Stat. § 15A-1340.23. Defendant was sentenced to more than 90 days imprisonment which is in plain contravention of N.C. Gen. Stat. § 15A-1340.22(a). *See* N.C. Gen. Stat. § 15A-1340.22(a).

The State argues that pursuant to N.C. Gen. Stat. § 15A-1351 defendant was properly sentenced because each individual sentence for active time defendant was sentenced to serve as a condition of special probation did "not exceed one-fourth the maximum sentence of imprisonment imposed for the offense[.]" N.C. Gen. Stat. § 15A-1351(a) (2007). While the State is correct that N.C. Gen. Stat. § 15A-1351 was not violated as to the sentences for each individual offense, when defendant is being sentenced for multiple offenses, the sentences must also be in compliance with N.C. Gen. Stat. § 15A-1340.22(a). N.C. Gen. Stat. § 15A-1351(a) does not permit the imposition of active sentences of imprisonment longer in duration than allowed in N.C. Gen. Stat. § 15A-1340.23, entitled "Punishment *limits* for each class of offense and prior conviction level[,]" N.C. Gen. Stat. § 15A-1340.23 (emphasis added), nor does the State direct

our attention to any law which interprets this statute in such a manner. Accordingly, we remand for resentencing.

## IV. Conclusion

We conclude that the trial court did not err in denying to exclude defendant's statement or dismiss the charges pending against defendant. However, we do conclude that the trial court erred in sentencing, and therefore remand as to this issue.

NO ERROR; REMAND FOR RESENTENCING.

Judges WYNN and BEASLEY concur.